UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEPHTY CRUZ and MICHAEL BALLETTO, as TRUSTEES OF THE DISTRICT 6 INTERNATIONAL UNION OF INDUSTRIAL, SERVICE, TRANSPORT AND HEALTH EMPLOYEES HEALTH PLAN and THE DISTRICT 6 INTERNATIONAL UNION OF INDUSTRIAL, SERVICE, TRANSPORT, AND HEALTH EMPLOYEES PENSION PLAN,<br><br>Plaintiffs,<br><br>-against-<br><br>THOMAS JEFFERSON NURSING HOME,<br><br>Defendant. | CIVIL ACTION NUMBER:<br>07 CV 9636 (RWS)<br><br><br>**ANSWER WITH**<br>**AFFIRMATIVE DEFENSES** |

Defendant Thomas Jefferson Home for Adults improperly named Thomas Jefferson Nursing Home ("Defendant"), by its attorneys, Peckar & Abramson, P.C., hereby answers the Complaint of Plaintiffs as follows:

### NATURE OF THE ACTION

1. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "1" of the Complaint, except admits that this action is brought by Plaintiffs.

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

## JURISDICTION AND VENUE

2.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "2" of the Complaint, except admits that jurisdiction is purportedly invoked pursuant to the cited statutes.

## THE PARTIES

3.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "3" of the Complaint.

4.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "4" of the Complaint.

5.      In response to Paragraph "5" of the Complaint, Defendant solely admits that it resides at 650 East 104th Street, Brooklyn, New York.

## BACKGROUND

6.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "6" of the Complaint.

7.      In response to paragraph "7" of the Complaint Defendant solely admits that it was party to a collective bargaining agreement covering the time period January 1, 2003 to December 31, 2005 which has since expired and is no longer in effect.

8.      Defendant neither admits nor denies the allegations contained in paragraph "8" of the Complaint because the Collective Bargaining Agreement is a written document which speaks for itself and begs leave to refer to the terms and conditions of the agreement at a trial of this action.

9.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "9" of the Complaint.

10. Defendant denies the allegations contained in Paragraph "10" of the Complaint.

11. Defendant denies the allegations contained in Paragraph "11" of the Complaint.

12. Defendant denies the allegations contained in Paragraph "12" of the Complaint.

13. Defendant denies the allegations contained in Paragraph "13" of the Complaint.

14. Defendant denies the allegations contained in Paragraph "14" of the Complaint.

### FIRST CLAIM FOR RELIEF

15. In response to Paragraph "15" of the Complaint, Defendant repeats, reiterates and realleges each and every answer contained in Paragraphs "1" through "14" of this Answer with the same force and effect as if fully set forth herein.

16. Defendant denies the allegations contained in Paragraph "16" of the Complaint.

17. Defendant denies the allegations contained in Paragraph "17" of the Complaint.

18.  Defendant denies the allegations contained in Paragraph "18" of the Complaint.

19.  Defendant denies the allegations contained in Paragraph "19" of the Complaint.

### SECOND CLAIM FOR RELIEF

20.  In response to Paragraph "20" of the Complaint, Defendant repeats, reiterates and realleges each and every answer contained in Paragraphs "1" through "19" of this Answer with the same force and effect as if fully set forth herein.

21.  Defendant denies the allegations contained in Paragraph "21" of the Complaint.

22.  Defendant denies the allegations contained in Paragraph "22" of the Complaint.

23.  Defendant denies the allegations contained in Paragraph "23" of the Complaint.

24.  Defendant denies the allegations contained in Paragraph "24" of the Complaint.

### THIRD CLAIM FOR RELIEF

25.  In response to Paragraph "25" of the Complaint, Defendant repeats, reiterates and realleges each and every answer contained in Paragraphs "1" through "24" of this Answer with the same force and effect as if fully set forth herein.

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

26. Paragraph "26" of the Complaint sets forth a legal conclusion which Defendant is not obligated to answer; to the extent that it may be read as setting forth any allegations of fact, Defendant denies the allegations contained in Paragraph "26" of the Complaint.

27. Defendant denies the allegations contained in Paragraph "27" of the Complaint.

28. Paragraph "28" of the Complaint sets forth a legal conclusion which Defendant is not obligated to answer; to the extent that it may be read as setting forth any allegations of fact, Defendant denies the allegations contained in Paragraph "28" of the Complaint.

29. Defendant denies the allegations contained in Paragraph "29" of the Complaint.

### FOURTH CLAIM FOR RELIEF

30. In response to Paragraph "30" of the Complaint, Defendant repeats, reiterates and realleges each and every answer contained in Paragraphs "1" through "29" of this Answer with the same force and effect as if fully set forth herein.

31. Defendant denies the allegations contained in Paragraph "31" of the Complaint.

32. Defendant denies the allegations contained in Paragraph "32" of the Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

33. The Complaint fails to state a cause of action upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

34. Plaintiffs' claims are barred since no collective bargaining agreement requiring the sought after audit and contributions exists.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

35. Defendant does not owe any contributions to Plaintiffs as alleged in the Complaint.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

36. Plaintiffs' claims are barred by the statute of frauds.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

37. Plaintiffs' claims are barred by the doctrine of estoppel.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

38. Plaintiffs' claims are barred by the applicable statute of limitations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

39. Plaintiffs' claims are barred by the doctrine of laches.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

40. Plaintiffs' claims are barred by the doctrine of unclean hands.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

41. Plaintiffs' claims are barred by the doctrine of waiver.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

42. The Court lacks subject matter jurisdiction.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

43. Plaintiffs' claims are barred pursuant to the doctrines of res judicata and collateral estoppel.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

44. Plaintiffs' claims are barred pursuant to the election of remedies doctrine.

**WHEREFORE**, Defendant demands judgment dismissing the Complaint in its entirety with prejudice, together with costs of this action and such other and further relief as the Court deems just and proper.

PECKAR & ABRAMSON, P.C.
Attorneys for Defendant
Thomas Jefferson Home for Adults improperly
named Thomas Jefferson Nursing Home
546 Fifth Avenue, 17th Floor
New York, New York 10036
(212) 382-0909

By: _____
AARON C. SCHLESINGER (AS-8744)

Dated: New York, New York
       November 28, 2007

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

To: Charles R. Virginia, Esq.
Barnes, Iaccarino, Virginia,
Ambinder & Shepherd, PLLC
Attorneys for Plaintiffs
Trinity Centre
111 Broadway, Suite 1403
New York, New York 10006
(212) 943-9080

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

249841.01/11/28/07                    8

## CERTIFICATION OF SERVICE

I hereby certify that on November 28, 2007 I served the within Answer with Affirmative Defenses via federal express overnight mail upon:

Charles R. Virginia, Esq.
Barnes, Iaccarino, Virginia,
Ambinder & Shepherd, PLLC
Attorneys for Plaintiffs
Trinity Centre
111 Broadway, Suite 1403
New York, New York 10006
(212) 943-9080

_____
AARON C. SCHLESINGER

Dated: New York, New York
       November 28, 2007