

# Peckar & Abramson
A Professional Corporation • Attorneys & Counselors at Law

70 Grand Avenue
River Edge, NJ 07661
tel. 201.343.3434
fax 201.343.6306

New York

San Francisco

Los Angeles

Orange County

Miami

Fort Lauderdale

Orlando

Washington, D.C.

Chicago

London

www.pecklaw.com

Aaron C. Schlesinger
*Partner*

Direct Dial: (201) 441-4996
E-Mail Address: aschlesinger@pecklaw.com

**Via Facsimile (212) 805-7925 and ECF**

August 21, 2008

Honorable Robert W. Sweet
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Rm. 1920
New York, New York 10007

RE:  **Cruz, et al. v. Thomas Jefferson Nursing Home**
**Civil Action No. 07 CV 9636 (RWS)**
**Our File No. 167300**

Dear Judge Sweet:

This firm is counsel to Thomas Jefferson Nursing Home ("Thomas Jefferson"), Defendant in the above referenced matter. This letter is respectfully submitted to request the Court's intervention in a discovery dispute between the parties.

The Plaintiffs in this case are Trustees of the District 6 International Union of Industrial Service, Transport and Health Employees Health and Pension Plans. By way of this action, which is brought pursuant to the Employee Retirement Income Security Act, Plaintiffs seek alleged unpaid Health Fund contributions from Thomas Jefferson for the time period November 1, 1999 through December 31, 2005 based on an audit they performed. Plaintiffs further seek an audit of Thomas Jefferson's books and records for the time period January 1, 2006 to the present.

On April 2, 2008, the Court issued a Scheduling Order directing that all discovery be completed by August 13, 2008. The Court further directed that all motions except for motions <u>in limine</u> be filed by the aforesaid date.

On August 8, 2008, Thomas Jefferson served Plaintiffs with a short request for the production of documents (only 9 requests). Via electronic mail dated the same day, Plaintiffs advised Thomas Jefferson that they would not respond to its request for the production of documents on the basis that they were served at a point in time when the discovery end date would take place before the 30 day time period that they were required to serve responses pursuant to the Federal Rules of Civil Procedure ("FRCP").



a member of the
ICLA International Construction Law Alliance

# Peckar & Abramson
A Professional Corporation • Attorneys & Counselors at Law

Honorable Robert W. Sweet
August 21, 2008
Page 2

During the following week, discussions took place between the parties over the issues of settlement and discovery. It was agreed that a joint application would be filed with the Court to request a 30 day extension for the parties' time to: (1) file any applicable motions; (2) file their joint proposed pretrial Order; (3) and appear at the final pre-trial conference. During the discussions, Thomas Jefferson advised Plaintiffs that it still required responses to its request for the production of documents and was considering filing an application with the Court regarding the issue. A joint application was filed with the Court regarding the extension request via letter dated August 12, 2008.

In response, the Court entered a new Scheduling Order extending the discovery end date to September 13, 2008. The parties were not advised of the extension of the discovery end date until August 19, 2008, two days ago, pursuant to the ECF system.

Upon receipt of the Court's revised Scheduling Order, Thomas Jefferson, via electronic mail dated August 19, 2008, advised Plaintiffs of the new discovery end date and again requested that responses to its request for the production of documents be served since the time period between August 8, 2008, the date the request was served, and September 13, 2008 far exceeded the 30 day time requirement to serve such responses. Thomas Jefferson also attached a courtesy copy of its August 8, 2008 request for the production of documents to the electronic mail.

On August 20, 2008, Plaintiffs advised Thomas Jefferson that they would still not respond to Thomas Jefferson's request for the production of documents for the same reason because the discovery end date of September 13, 2008, which falls on a Saturday, is 25 days from the date of Thomas Jefferson's August 19, 2008 electronic mail.

It is respectfully requested that Plaintiffs be Ordered to serve responses to Thomas Jefferson's request for the production of documents for the following reasons.

First, the request was served on Plaintiffs on August 8, 2008. The new discovery end date is September 13, 2008. The difference in time between the two dates is significantly greater than the 30 day response time required by the FRCP.

Second, assuming arguendo that Plaintiffs are afforded a new 30 day time period to serve responses to Thomas Jefferson's request for the production of documents based on its August 19, 2008 electronic mail, it still has plenty of time to provide responses. In this regard, it has 25 days to provide responses which will in no way prejudice Plaintiffs. Had Thomas Jefferson known that the Court extended the discovery schedule on August 12, 2008 when the parties filed their application, it would have advised Plaintiffs of the extension and its demand for responses sooner and within the 30 day time frame. Moreover, in order to resolve this dispute amicably, Thomas Jefferson is willing to give a Plaintiffs a

# Peckar & Abramson
A Professional Corporation • Attorneys & Counselors at Law

Honorable Robert W. Sweet
August 21, 2008
Page 3

full 30 days from August 19, 2008 to provide responses which would give them until September 18, 2008.

Finally, Thomas Jefferson will be severely prejudiced if Plaintiffs do not respond to its request for the production of documents. In this regard, throughout the course this litigation, via its Answer and responses to Plaintiffs discovery demands, Thomas Jefferson advised Plaintiffs that the amount of unpaid health fund contributions it seeks pursuant to its audit are in error because; (1) a significant portion of the alleged unpaid contributions it seeks have in fact been paid; (2) there exists employees who were not entitled to the total contributions identified in Plaintiffs' audit report based on their starting and ending dates of employment; (3) the audit should not include the months of November and December, 2002 because there was no collective bargaining agreement in effect at the time; (4) pursuant to the applicable Statute of Limitations, Plaintiffs are not entitled to contributions allegedly owed prior to October 30, 2001; (5) Plaintiffs failed to provide health insurance coverage for employees listed in the audit causing Thomas Jefferson to pay for coverage that was never provided; and (6) Plaintiffs via its Trustee Nephty Cruz released Thomas Jefferson from the claims herein in a prior arbitration.

Thomas Jefferson's request for the production of documents seeks information relating to the above issues which it requires for its defense of Plaintiffs' claims. However, it should be noted that the request primarily seeks information relating to the issue of whether Plaintiffs provided health insurance coverage to all of Thomas Jefferson's employees. At trial it will take the position that not all of the contributions it made to Plaintiffs were used to provide its employees with health insurance coverage as required by the CBA. The contributions were instead used for other means not authorized by the collective bargaining agreement and therefore any such amounts of contributions should be deducted from Plaintiffs' audit calculations since no coverage was ever provided with the contributions paid. There have actually been Court actions filed against some of the past Trustees of the health fund at issue in this regard. This issue also relates to Plaintiffs' claim for damages since they are seeking payment for coverage that was never provided to Thomas Jefferson's employees.

In light of the foregoing, it is respectfully requested that the Court Order Plaintiffs to respond to Thomas Jefferson's request for the production of documents.

Respectfully submitted,

AARON C. SCHLESINGER
ACS:fac
cc:    Marc A. Tenenbaum, Esq. (via facsimile)
272624.01/08/21/08